IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ALABAMA POWER COMPANY, <br> SOUTHERN COMPANY, <br> <br> Plaintiffs, <br> <br> v. <br> <br> AUDITEC, LLC, d/b/a PowerSave or <br> PowerSaveSoft, <br> <br> Defendant. | CIVIL ACTION NO. <br> _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT AND APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

Plaintiffs, ALABAMA POWER COMPANY and SOUTHERN COMPANY ("Plaintiffs"), file this Original Complaint and Application for Preliminary and Permanent Injunction against AUDITEC, LLC, d/b/a PowerSave and PowerSaveSoft ("Defendant"), and state the following:

1.  This is an action for false designation of origin and trademark infringement arising under the Trademark Act of 1946, as amended, Title 15, United States Code, §§ 1125 and 1114, trademark infringement under Ala. Code § 8-12-16, and unlawful trade practices under Ala. Code § 8-19-5. This Court has jurisdiction under the Trademark Laws of the United States, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1338(a) and 1338(b). This Court has pendent jurisdiction over the state law claims because they arise out of a common nucleus of operative facts.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that the unlawful activities herein alleged were performed in whole or in part in this district and in that Defendant resides and does business in this district. This Court has personal jurisdiction over the

1241678.1

Defendant. The Defendant maintains a place of business in Alabama and has purposely availed itself of the privilege of conducting business in Alabama.

3. Alabama Power Company is an Alabama corporation having its principal place of business at 600 North 18th Street, Birmingham, AL 35203.

4. Southern Company is a Georgia corporation having its principal place of business at 30 Ivan Allen Jr. Blvd. NW, Atlanta, GA 30308.

5. Based on information and belief, Plaintiffs allege that Defendant is an Alabama limited liability company doing business at 1919 Oxmoor Rd Suite # 242, Birmingham, AL 35209.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff Alabama Power Company is the owner of all common law rights in the trademark "Alabama Power." Alabama Power Company is also the owner of United States Trademark Registration No. 2,156,129 for the typed mark "ALABAMA POWER." The Southern Company is the owner of United States Trademark Registration No. 2,174,534 for the mark "ALABAMA POWER A SOUTHERN COMPANY," including the words and design, as it relates to electric utility services.

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

**United States Patent and Trademark Office**

Reg. No. 2,174,534
Registered July 21, 1998

SERVICE MARK
PRINCIPAL REGISTER



ALABAMA POWER
A SOUTHERN COMPANY

7.  Plaintiffs use the foregoing marks in conjunction with various goods and services, including but not limited to the advertising and sale of electric utility services. Registration No. 2,156,129 was issued to Alabama Power on August 7, 1996, and is valid in all respects. Registration No. 2,174,534 was issued to The Southern Company on February 10, 1997, and is valid in all respects.[1]

8.  The marks shown on United States Trademark Registration Nos. 2,156,129 and 2,174,534 are hereinafter referred to as the "Marks." The Marks have been in use by Plaintiffs since at least as early as 1977, long prior to the acts complained of herein. Plaintiffs further allege that their exclusive rights as owners of the Marks to use such registered marks in commerce are incontestable under 15 U.S.C. § 1065.[2]

9.  Plaintiffs have devoted substantial effort to advertising and promoting their products and have developed substantial recognition of the Marks in the marketplace for their products and services.

10.  Plaintiffs' products and services have come to be well known and accepted by the purchasing public in connection with Plaintiffs' Marks. The Marks serve to distinguish Plaintiffs' products and services from the products and services of others.

11.  Plaintiffs, through their own significant efforts, skill, and experience, have acquired and now enjoy substantial goodwill and a valuable reputation under the Marks. The maintenance of high standards of quality and excellence for Plaintiffs' products has contributed to this valuable goodwill and reputation.

---

[1] Copies of United States Trademark Registration Nos. 2,156,129 and 2,174,534 are attached hereto as Exhibits A and B, respectively.

[2] Copies of the United States Patent and Trademark Office's Notice of Acknowledgement indicating that Plaintiffs' exclusive rights to United States Trademark Registration Nos. 2,156,129 and 2,174,534 are incontestable under 15 U.S.C. § 1065 are attached hereto as Exhibits C and D, respectively.

12. Plaintiffs' valuable reputation and credibility in the relevant market for electric utility goods and services depends upon their continued independence from any other vendor or provider of similar goods or services. Any inference of a connection between Plaintiffs' goods and services and the goods and services of another tends to erode Plaintiffs' credibility and damage Plaintiffs' valuable reputation.

13. Defendant is advertising, offering for sale, and selling electric utility services while making pervasive use of Plaintiffs' Marks. For example, Defendant's Internet homepage advertises that the "same software [Defendant has offered to commercial customers] is available to homeowners in **Alabama Power** territory." The Defendant also purports to "**work with** your current **Alabama Power** account" to "save[] you 10-30% every month on your **Alabama Power** utility bill" in an advertisement that makes use of Plaintiffs' Marks, including the type-written "Alabama Power" as well as a modified use of the logo associated with the design mark for "ALABAMA POWER A SOUTHERN COMPANY."



PowerSave Software saves you **10-30% every month** on your **Alabama Power** utility bill.

START SAVING NOW! ⬇

And in response to the "frequently asked question" whether Defendant's customers must change electric utility providers, the Defendant's website answers, "NO! We **work with** your current **Alabama Power** account."[3]

> 2. Will you change my provider?
> NO! We work with your current Alabama Power account.

14. Defendant's pervasive use of Plaintiffs' Marks offered in the same channels of trade and to the same purchasers will cause confusion or mistake, or will deceive purchasers as to the source or origin of Defendant's goods or services, or the sponsorship of its business by Plaintiffs.

15. On information and belief, Plaintiffs allege that Defendant's pervasive use of Plaintiffs' Marks has in fact caused confusion among the consuming public such that Defendant's current and prospective customers have accepted, purchased, or considered purchasing Defendant's products based on the mistaken belief that they are Plaintiffs' products, or that they are sponsored by, connected with, or supplied under the supervision of Plaintiffs.

16. Defendant's advertising and sale of its goods and services under Plaintiffs' Marks will cause and, on information and belief, have caused the public to believe that Defendant's products originate with or are sponsored by Plaintiffs, are offered under Plaintiffs' supervision and control, or that Plaintiffs have approved of or certified the use of Defendant's goods or services in connection with the use of Plaintiffs' goods and services. As a result of the wide public acceptance of Plaintiffs' products, Defendant's goods and services are likely to be purchased as if they were offered or sponsored by Plaintiffs.

---

[3] Copies of web pages from Defendant's website using Plaintiffs' Marks in connection with advertising its electric utility monitoring services are attached hereto as Exhibits E and F.

17. Defendant has refused the Plaintiffs' specific written demands that Defendant cease and desist the use of Plaintiffs' Marks in conjunction with its advertising, offering for sale, or sale of confusingly similar goods and services. Defendant has also refused Plaintiffs' specific written demands to include a disclaimer of any association, affiliation, or sponsorship with or by Plaintiffs in connection with Defendant's advertising, offering for sale, or sale of its confusingly similar goods and services. Accordingly, Defendant's continued conduct constitutes willful infringement of Plaintiffs' Marks.

18. On information and belief, the acts of Defendant complained of above are calculated to deceive the relevant consuming public into accepting and purchasing Defendant's products in the mistaken belief that they are Plaintiffs' products, or that they are sponsored by, connected with, or supplied under the supervision of Plaintiffs. Alternatively, Defendant is improperly capitalizing on an initial interest confusion of the consuming public by advertising, offering for sale, and selling electric utility services while making pervasive use of Plaintiffs' Marks.

19. Defendant was aware that Plaintiffs' goods and services were being sold under Plaintiffs' Marks at the time Defendant began its pervasive use of Plaintiffs' Marks in connection with selling and advertising its goods and services.

20. Defendant was familiar with the high level of acceptance of Plaintiffs' goods and services sold under Plaintiffs' Marks at the time Defendant began the unlawful usage thereof.

21. Defendant knew or should have known that its pervasive use of Plaintiffs' Marks would enable Defendant to trade on the extensive and valuable goodwill and reputation belonging to Plaintiffs.

22.     Defendant continues to willfully and unlawfully use Plaintiffs' Marks in a manner that is likely to cause confusion or mistake, or to deceive as to the source or origin of Defendant's goods or services, or the sponsorship of its business by Plaintiffs.

23.     Defendant continues to willfully and unlawfully reproduce, counterfeit, copy, and colorably imitate Plaintiffs' Marks and apply such reproductions, counterfeits, copies, or colorable imitations to Defendant's labels, signs, advertisements, product presentations, and websites in connection with advertising, offering for sale, and selling its goods and services.

24.     The actions of the Defendant tend to dilute and reduce the value of Plaintiffs' goodwill under the Plaintiffs' Marks and to destroy the exclusive association between Plaintiffs and their Marks.

25.     On information and belief, Defendant's acts have been and are being committed with the deliberate purpose and intent of appropriating and trading upon the Plaintiffs' goodwill and reputation.

## COUNT I: FALSE DESIGNATION OF ORIGIN

26.     Plaintiffs repeat and allege the foregoing paragraphs 1-25 as though set forth fully herein.

27.     The foregoing actions of the Defendant constitute the use of a false description and designation of Defendant's products, which Defendant has advertised, offered, and sold in interstate commerce in violation of § 43(a) of the Trademark Act of July 5, 1946, 15 U.S.C. § 1125(a).

## COUNT II: FEDERAL TRADEMARK INFRINGEMENT

28.     Plaintiffs repeat and allege the foregoing paragraphs 1-27 as though set forth fully herein.

29. The foregoing actions of the Defendant complained of above are likely to deceive and cause confusion of the public, and constitute an infringement of Plaintiff's Federally Registered Marks under 15 U.S.C. § 1114(1).

### COUNT III: TRADEMARK INFRINGEMENT UNDER ALA. CODE § 8-12-16

30. Plaintiffs repeat and allege the foregoing paragraphs 1-29 as though set forth fully herein.

31. The foregoing actions of the Defendant constitute trademark infringement in violation of Ala. Code § 8-12-16.

32. Defendant has been and is now using in commerce a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks in connection with the sale, offer for sale, and advertising of goods and services, which dilutes and reduces the value of the Plaintiffs' goodwill and tends to destroy the exclusive association between the Plaintiffs and the Plaintiffs' Marks.

33. The actions of the Defendant are likely to deceive and cause confusion of the public, and to induce the public to believe that Defendant is in some manner related to, approved by, or sponsored by the Plaintiffs, and such acts constitute infringement of Plaintiffs' common law trademark rights in Plaintiffs' Marks.

### COUNT IV: UNFAIR COMPETITION UNDER ALA. CODE § 8-19-5

34. Plaintiffs repeat and alleges the foregoing paragraphs 1-33 as though set forth fully herein.

35. The foregoing actions of the Defendant constitute unlawful trade practices in violation of Ala. Code § 8-19-5.

36. The actions of the Defendant constitute unlawful trade practices, acts of unfair competition, palming off, unjust enrichment, and misappropriation of Plaintiffs' rights in a

manner that has caused and will continue to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

37. The actions of the Defendant constitute unlawful trade practices, acts of unfair competition, palming off, unjust enrichment, and misappropriation of Plaintiffs' rights in a manner that has caused and will continue to cause confusion or misunderstanding as to the affiliation, connection, association with, or certification by Plaintiffs.

38. The actions of the Defendant permit and will continue to permit Defendant to use and benefit from the goodwill and reputation earned by Plaintiffs in order to obtain customer acceptance for goods and services sold by Defendant under Plaintiffs' Marks and on the basis of a reputation not established in Defendant's own right, and to give Defendant's goods and services a saleability they otherwise would not have, all at the expense of the Plaintiffs.

39. The continuing sale of goods and services by Defendant using Plaintiffs' Marks will continue to constitute unlawful trade practices, acts of unfair competition, palming off, unjust enrichment, and misappropriation by Defendant against Plaintiffs, thereby causing the Plaintiffs irreparable harm.

WHEREFORE, Plaintiffs respectfully request that this Court grant them the following relief:

A. A judgment that Defendant, its agents, servants and employees, attorneys, related companies, and those in active concert or participation with Defendant, be forthwith preliminarily, and thereafter permanently enjoined:

(1) from using Plaintiffs' Marks either alone or in combination with any other words, names, or symbols, on or in connection with or in relation to the advertisement, sale, or offer for sale of goods and services related thereto, unless:

    (a) the Defendant prominently includes a disclaimer of any association, affiliation, or sponsorship with or by Plaintiffs in any written, printed, or published materials used in connection with or in relation to the advertisement, sale, or offer for sale of its goods and services; and

    (b) the Defendant otherwise unequivocally and categorically disavows any association, affiliation, or sponsorship with or by Plaintiffs in connection with or in relation to the advertisement, sale, or offer for sale of its goods and services.

  (2) from otherwise infringing upon any trade name or trademark rights of Plaintiffs;

  (3) from performing or committing any other acts falsely representing Defendant's goods or services, or which are likely to cause confusion or mistake in the mind of the purchasing public or to lead purchasers or the trade to believe that Defendant's goods and services originate from or are in fact the goods and services of Plaintiffs, or are somehow sponsored by, connected with, or approved by Plaintiffs, or that there is any connection between the Plaintiffs and the Defendant;

  (4) from otherwise unfairly competing with Plaintiffs, and from committing any other acts which discourage or destroy the public's recognition of the Marks as trademarks for Plaintiffs' goods and services;

  (5) from passing off, or inducing or enabling others to sell or pass off, Defendant's goods and services as Plaintiffs' goods and services; and

 B. That Defendant be directed to file with this Court, within thirty (30) days after the entry of any injunction in this case, a written statement under oath setting forth in detail the steps it has taken and the manner in which it has complied with that injunction;

C.  That, pursuant to the provisions of 15 U.S.C. § 1117 and Ala. Code § 8-12-18, reasonable attorneys' fees be awarded to Plaintiffs;

D.  That Plaintiffs recover their costs for bringing this action; and

E.  That Plaintiffs recover such other and further relief as this Court may deem appropriate.

Respectfully submitted this 21st day of December 2012.

/s/ *Will Hill Tankersley*
Will Hill Tankersley
Chase T. Espy
Attorneys for Plaintiffs
ALABAMA POWER COMPANY,
SOUTHERN COMPANY
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AT THE ADDRESS BELOW:**

Auditec, LLC
1919 Oxmoor Rd
Suite # 242
Birmingham, AL 35209.